UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DUDHIMA, LP and DUDHIMA GP, LLC dba HYATT PLACE<br>*Plaintiffs*<br><br>v.<br><br><br>PALOMAR SPECIALTY INSURANCE COMPANY<br>*Defendant* | § § § § § § § § § § § | Civil Action No. 2:19-cv-109 |

## PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND

Plaintiffs DUDHIMA, LP and DUDHIMA GP, LLC dba HYATT PLACE ("Hyatt Place" or "Plaintiffs") files this Original Complaint & Jury Demand against Defendant PALOMAR SPECIALTY INSURANCE COMPANY ("Palomar" or "Defendant") and would respectfully show the following:

### Parties

1.  Dudhima, LP is a domestic limited partnership located and operating in the State of Texas.

2.  Dudhima GP, LLC is a domestic limited liability company located and operating in the State of Texas.

3.  Upon information and belief Palomar is a foreign fire and casualty insurance company whose principal place of business is in La Jolla, California. Palomar is engaged in the business of insurance in Texas, operating for the purposes of accumulating monetary profit. Palomar regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Palomar may be served with process by serving its registered agent certified mail,

1

return receipt requested, to **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.**

### Venue & Jurisdiction

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district, and the real property subject of the action is situated within this judicial district. Namely, this action concerns real property and a business located and operating in Corpus Christi, Texas. The insurance policy at issue and of which Plaintiffs are a beneficiary was to be performed within this district, and the losses under the policy (including payments to be made to Plaintiffs under the policy) were required to be made within this district. Further, investigation, including communications to and from Defendant and Plaintiffs (including telephone calls, mailings, and other communications to Plaintiffs) occurred within this district.

**Factual Background**

*The Property*

6.  Hyatt Place owns and operates the commercial property located at 6773 S. Padre Island Drive, Corpus Christi, Texas 78432 in Nueces County, Texas (the "Property").



The Property is a four-story building situated on 94,035 square feet of land with 64,015 square feet of interior space. The building houses guest rooms, meeting/reception areas, office space, and kitchen facilities.

*The Policy*

7.  Prior to August 25, 2017, Hyatt Place paid annual premiums, assessments, fees, surcharges, and taxes to Palomar to acquire comprehensive commercial insurance coverage for the Property and the business under Palomar Policy No. PAR-17-0000193-00 (the "Policy"). The Policy provides coverage for Hyatt Place's business and the Property, for covered damages that occur during the Policy Period, from April 3, 2017 through April 3, 2018. In exchange for Hyatt Place's premium payment, the Policy includes the following limits and coverages, in relevant part:

A. LIMITS OF INSURANCE

The most we will pay for loss or damage in any one "loss occurrence" is the applicable Limit of Insurance shown below.

1. Limit of Insurance, any one "loss occurrence": $7,650,000

In no event will our liability exceed this limit for any one "loss occurrence", regardless of the number of coverages, causes of loss or locations involved, and regardless of any additional coverages provided under this policy.

| | |
|---|---|
| Limit of Insurance, as respects "Earthquake Shock": | $0 / Not Applicable |
| Limit of Insurance, as respects "Flood":Limit of Insurance, as respects "Flood": | $0 / Not Applicable |
| Limit of Insurance, All Other Covered Causes of Loss: | $7,650,000 |
| Limit of Insurance, Windstorm and/or Hail: | $7,650,000 |
| Sub-limits of Insurance/Separate Limits of Insurance | |
| BILLBOARDS AND SIGNS (Not on Buildings), Entirely Metal | $50,000 |
| Building_Ordinance_A | $6,000,000 |
| Building_Ordinance_BC | $600,000 |
| Debris Removal | $25,000 |
| Electronic Data | $10,000 |
| Equipment Breakdown | $250,000 |
| Sewer, Drain and Back Up | $25,000 |
| Valuable Papers and Records | $10,000 |
| Wind Driven Rain | $100,000 |

| Loc / Bldg | Address | Coverages | Values |
|---|---|---|---|
| 1/1 | 6773 South Padre Island Drive Corpus Christi, TX 78412 | Building | $6,000,000 |
| | | BPP | $1,000,000 |
| | | BI | $600,000 |

8. As evidenced by the Declarations Page, the Policy provides coverage to the Property's physical structure on a replacement cost value basis for damages up to $6,000.000 in addition to damages to business property up to $1,000,000 and lost business income up to $600,000. *See* Ex. A, Policy, at Declarations Pages.

4

9. The Policy also contains a Deductible provision that confirms coverage for damages to the interior of the Property that result from wind, hail, and named windstorm damage, including damages caused by wind driven rain:

> 3. Loss resulting from "Windstorm and or Hail":
> In any one loss occurrence: $25,000
> The Deductible applies: Per Occurence
> 4. Loss resulting from "Named Storm":
> In any one loss occurrence: 2%
> The Deductible applies: Per Building

*Hurricane Harvey*

10. On or about August 25, 2017, Hurricane Harvey, recognized as one of the most devastating natural disasters in United States history, made landfall on the Texas coast in San Patricio County and Aransas County as a Category 4 hurricane. Wind gusts of up to 132 miles per hour were reported within the same area of the Property. Rockport experienced wind speeds of up to 150 miles per hour. The National Weather Service has stated that these wind speeds are likely underestimated in coastal areas such as San Patricio County due to disabled equipment at the time Harvey made landfall. Hurricane Harvey continued to travel through the southeast part of Texas, inflicting billions of dollars in damages to private and public property. The Texas Division of Emergency Management incurred more than $439 million in costs associated with debris removal, public property damage, and police/EMS response immediately after Harvey. Texas Governor Greg Abbott has estimated that Hurricane Harvey's damages will total an historic $180 billion.

*Hyatt Place makes an insurance claim for Harvey related damage*

11. As a result of Harvey's extreme winds and rain when it hit San Patricio County and specifically the Property, on or about August 25, 2017, the Property was substantially damaged.

5

Sizeable portions of the Property's roof were compromised by wind. As a result, there was also interior damage to ceilings, walls, and flooring. The following photographs taken after Harvey depict some of the damage:




12. There was also significant damage to the roof system:




13. The Property—specifically the roof, HVAC, windows, walls, and flooring—were substantially damaged by Harvey. Yet as devastating as the physical damage was, Hyatt Place felt fortunate to be protected by over $7 million in insurance coverage it had procured to insure the Property from precisely this type of catastrophe. Immediately after the storm, Hyatt Place promptly filed a claim with Palomar, alerting them to the extensive damages. This sense of

6

security, borne of a pricey contractual relationship, would prove illusory as Palomar began their investigation and handling of the claim.

***Hyatt Place works hard to document its damages for Palomar but received a denial.***

14. Palomar's claims-handling process resulted in a wrongful denial that omitted a wealth of facts, physical evidence, obvious wind damages, and meteorological data from Hurricane Harvey supporting Hyatt Place's claim. Palomar unreasonably pinned the loss on anything but the wind, an action designed to save Palomar hundreds of thousands of dollars in damages to the Property and the business.

15. Palomar assigned an internal adjuster, Gary Roos, to handle the claim. Roos was unqualified and incapable of adequately assessing the damages to the Property and was the source of many delays throughout the claims process. After utilizing preferred vendor Madsen, Kneppers & Associates to inspect the Property in September, Palomar and Roos continued to delay claim resolution and ignored the insured's requests for updates. Hyatt Place and its representative continued to press Palomar for updates or any estimate of damages after their inspection, but they declined and ignored the requests. Palomar denied much of Claim No. CINC-0074A9 on April 6, 2018, after initially issuing minimal payments under the corresponding policy. Palomar managers ratified the improper claims conduct and predatory behavior in approving the denial letter issued on April 6, 2018 which omitted the scores of facts and meteorological data supporting the covered claim and instead unreasonably pinned the loss on anything but the wind.

16. To this day, due to Palomar's outcome-oriented, inadequate, and haphazard investigation, Palomar has refused to fully pay for the covered damages under the Policy.

***Hyatt Place sends a demand letter in compliance with Texas law***

17. On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section

7

542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Hyatt Place to avoid protracted litigation over a clear claim.

18.  In compliance with Section 542A.003, Hyatt Place gave its pre-suit notice to Palomar on October 1, 2018. The pre-suit notice provided a comprehensive outline of Hyatt Place's claims and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

19.  Palomar responded to the demand on November 28, 2018 but refused to acknowledge its own wrongdoing.

### Count 1 – Violations of Texas Insurance Code, Section 541

20.  Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-19 of this Complaint as if fully set forth herein.

21.  Palomar failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

22.  Palomar failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

23.  Palomar failed to provide promptly a reasonable explanation, in relation to the facts

or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

24. Palomar refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

25. Palomar misrepresented the insurance policy under which it affords property coverage to Hyatt Place, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Palomar misrepresented the insurance policy to Hyatt Place, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

26. Palomar misrepresented the insurance policy under which it affords property coverage to Hyatt Place by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Defendant misrepresented the insurance policy to Hyatt Place by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

27. Palomar misrepresented the insurance policy under which it affords property coverage to Hyatt Place by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to Hyatt Place by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

28. Palomar knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### Count 2 – Violations of the Texas Insurance Code, Section 542

29. Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Palomar failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

31. Palomar failed to timely commence investigation of the claim or to request from Hyatt Place any additional items, statements or forms that Palomar reasonably believed to be required from Hyatt Place in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

32. Palomar failed to notify Hyatt Place in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Texas Insurance Code Section 542.056(a).

33. Palomar delayed payment of Hyatt Place's claim in violation of Texas Insurance Code Section 542.058(a).

34. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Hyatt Place' damages.

### Count 3 – Statutory Interest

35. Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-34 of the Complaint as if fully set forth herein.

36. Hyatt Place makes a claim for statutory interest penalties along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### Count 4 – Breach of Contract

37. Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-36 of the Complaint as if fully set forth herein.

38. As outlined above, Palomar breached its contract with Hyatt Place by refusing to pay for covered damages under the Policy. As a result of Palomar breach, Hyatt Place suffered legal damages.

### Count 5 – Breach of duty of good faith & fair dealing

39. Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-38 of the Complaint as if fully set forth herein.

40. Palomar, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with Hyatt Place in the processing of the claim. Palomar breached this duty by refusing to properly investigate and effectively denying insurance benefits. Palomar knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Palomar breach of these legal duties, Hyatt Place suffered legal damages.

### Count 6 – Punitive Damages for Bad Faith

41. Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-40 of this Complaint as if fully set for herein.

42. Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Hyatt Place's claim for benefits. Further, Defendant had actual, subjective

11

awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Hyatt Place.

### Count 7 – Violations of Texas Deceptive Trade Practices Act

43. Hyatt Place re-alleges and incorporates each allegation contained in Paragraphs 1-42 of this Complaint as if fully set forth herein.

44. The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant has also acted unconscionably, as that term is defined under the DTPA.

45. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Hyatt Place's damages.

### Resulting Legal Damages

46. Hyatt Place is entitled to the actual damages resulting from the Defendant's violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law.  In addition, Hyatt Place is entitled to exemplary damages.

47. As a result of Defendant's acts and/or omissions, Hyatt Place has sustained damages in excess of the minimum jurisdictional limits of this Court.

48. Hyatt Place is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

49. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Hyatt Place to the attorneys' fees, treble damages, and other penalties provided by law.

50. Hyatt Place is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

51. As a result of Defendant's acts and/or omissions, Hyatt Place has sustained damages in excess of the jurisdictional limits of this Court.

52. Hyatt Place is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

53. Hyatt Place is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, Texas Insurance Code 542.060(a)-(c), and Tex. Bus & Commerce Code §17.50.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
Southern District Bar No. 15277
ANDREW P. SLANIA
State Bar No. 24056338
Southern District Bar No. 1057153
AMY B. HARGIS

13

        State Bar No. 24078630  
        Southern District Bar No. 1671572  
        **BEN WICKERT**  
        State Bar No. 24066290  
        Southern District Bar No. 973044  
        efile@raiznerlaw.com  
        2402 Dunlavy Street  
        Houston, Texas 77006  
        Phone: 713.554.9099  
        Fax:   713.554-9098  
        **ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiffs hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____  
**ANDREW P. SLANIA**